# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

BOARDS OF TRUSTEES OF OHIO
LABORERS' FRINGE BENEFIT
PROGRAMS,

          Plaintiff,

v.                                           Civil Action 2:18-cv-023
                                            Judge Michael H. Watson
                                            Magistrate Judge Jolson

SPECIALTY CONTRACTING,
INC., et al.,

          Defendants.

## REPORT AND RECOMMENDATION

This is an action, initiated on January 9, 2018, for unpaid fringe benefit contributions, liquidated damages, and interest allegedly owed certain employee benefits plans pursuant to a collective bargaining agreement. (*See* Doc. 1). Plaintiffs, the trustees of four trust funds, assert claims under ERISA, 29 U.S.C. § 1132 and the LMRA, 29 U.S.C. § 185. (*Id*. at 1). Defendants Jonathon Good and Specialty Contracting, Inc. were served with a summons and a copy of the Complaint by certified mail on January 9, 2018. (Doc. 2), but have failed to plead or otherwise defend this action. Plaintiffs applied to the Clerk for entry of default against Jonathon Good (Doc. 8), and the clerk entered default pursuant to Fed. R. Civ. P. 55(a) as to Defendant Jonathon Good on March 23, 2018. (Doc. 10). Plaintiffs applied to the Clerk for entry of default against Defendant Specialty Contracting, Inc. (Doc. 25), and the Clerk entered default pursuant to Fed. R. Civ. P. 55(a) on September 24, 2018 (Doc. 26). This matter is now before the Court on Plaintiffs' Motion for Default Judgment (Doc. 24), seeking default judgment against Defendant Specialty Contracting, Inc.

Plaintiffs have established that Defendant entered into an agreement with a local union

affiliated with the Laborers' District Council of Ohio, AFL-CIO, by which Defendant agreed to pay contributions to the funds, by the 15th of each month, on behalf of its employees working within the work jurisdiction of the union. (Doc. 24-3, Ex. B). The affidavit of Plaintiffs' Contractor Relations Manager (Doc. 24-2) establishes that Defendant owes $9,904.34 in unpaid fringe benefit contributions for the period October 2017 through December 2017. (Doc 24-3, Ex. C). Plaintiffs are entitled to liquidated damages, interest, and attorney fees on these unpaid contributions. 29 U.S.C. § 1132(g)(2); *Michigan Carpenters Council Health and Welfare Fund v. C.J. Rogers, Inc*., 933 F.2d 376, 388–89 (6th Cir. 1991).

Plaintiffs seek an award of attorney's fees in the amount of $6,860.00, for 24.50 hours billed at the rate of $280.00 per hour. (Doc. 24-1, Ex. D). Plaintiffs have provided evidentiary support that the number of hours billed and the hourly rate charged are reasonable.

Plaintiffs are therefore entitled to judgment in the amount of $9,904.34 in unpaid fringe benefit contributions, liquidated damages, and prejudgment interest, and an award of attorney's fees in the amount of $6,860.00.

Accordingly, it is **RECOMMENDED** that Plaintiffs' Motion for Default Judgment (Doc. 24) be **GRANTED**. It is further **RECOMMENDED** that the Clerk enter judgment against Defendant Specialty Contracting, Inc., and that Plaintiffs Boards of Trustees of the Ohio Laborers' Fringe Benefit Programs have and recover from Specialty Contracting Inc. the sum of Nine Thousand Nine Hundred Four Dollars and Thirty-Four Cents ($9,904.34), including unpaid fringe benefit contributions through December 2017, prejudgment interest, and liquidated damages, and a reasonable attorney's fee in the amount of Six Thousand Eight Hundred Sixty Dollars ($6,860.00), plus interest from the date of judgment at the rate of one percent (1%) per month.

Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: September 25, 2018               /s/ Kimberly A. Jolson
                                       KIMBERLY A. JOLSON
                                       UNITED STATES MAGISTRATE JUDGE